IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JORGE MICHEL PIEDRA ESTEVEZ,**
**# A 074-029-661**

      Petitioner,

vs.                                               Case No.:  4:14cv90-WS/CAS

**ERIC HOLDER, JR., et al,**

      Respondents.
_____/

## AMENDED REPORT AND RECOMMENDATION

      A Report and Recommendation was entered, doc. 12, in this case on July 15, 2014, because it appeared that Petitioner's § 2241 habeas petition was moot. Respondents demonstrated that Petitioner has been released from detention and placed on supervision.  Doc. 11.  That Report and Recommendation has now been returned to the Court as undeliverable.  Docs. 13, 14.  Document 13 was the copy of the Report and Recommendation sent to the address on record for Petitioner at the detention center.  Document 14 was sent to the address provided by Respondents for Petitioner upon his release, which was included on the Order of Supervision, filed on May 29, 2014.  Doc. 11-1 at 5-6.  It is not surprising to have received the first mail return, doc. 13, because Petitioner was released from detention.  The second return,

doc. 14, is troubling, however, because the mail is stamped "return to sender - insufficient address - unable to forward." *Id.* The Court has verified that the address is identical to the address provided by Respondents.[1] *Cf.* Docs. 1-1 at 6, Doc. 14. Thus, at this time, the Court has no way of contacting Petitioner.

It remains appropriate to recommend dismissal of this case. This case was initiated on February 25, 2014, when the pro se Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Service was directed and Respondents required to respond to Petitioner's argument that he is a native of Cuba, held in a period of indefinite detention, and there is no significant likelihood that he will be removed in the reasonably foreseeable future. Respondents filed a motion to dismiss the petition on May 29, 2014, demonstrating that this case is moot because Petitioner has already been provided the relief requested. Doc. 11. Plaintiff was released from custody on May 28, 2014, the day before the motion was filed. *Id.* at 1. Attached to the petition is a copy of the Release Notification and Order of Supervision demonstrating Petitioner's release. Doc. 11-1.

Petitioner had not filed a response in opposition to the motion to dismiss, but Petitioner signed the acknowledgement of his conditions of release on May 28, 2014. *Id.* at 5. Nothing has been received from Petitioner since early May when he filed a notice of change of address. Doc. 9. Petitioner has essentially abandoned this litigation and, because Petitioner has been released from detention, there is no judicial remedy left. This case should be dismissed as moot and for failure to prosecute.

---

[1] Should Respondents have updated information as to Petitioner's address, it is requested that assistance be provided to ensure Petitioner is aware of the recommendation entered in this case.

Case No. 4:14cv90-WS/CAS

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, doc. 11, be **GRANTED** and the petition for writ of habeas corpus, doc. 1, be **DISMISSED as moot**.

**IN CHAMBERS** at Tallahassee, Florida, on August 8, 2014.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**